IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| Arvie Thomas, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 06 C 2056 |
| Lt. Ward, et al., | ) | |
| Defendants. | ) | |
| Arvie Thomas, | ) | |
| Plaintiff, | ) | |
| v. | ) | 06 C 2057 |
| Sgt. Davis, et al., | ) | |
| Defendants. | ) | |
| Arvie Thomas, | ) | |
| Plaintiff, | ) | |
| v. | ) | 06 C 2058 |
| Wayne Hunter, et al., | ) | |
| Defendants. | ) | |

MEMORANDUM ORDER

Just under two weeks ago Arvie Thomas ("Thomas") filed no fewer than three pro se Complaints, in each instance using the form of 42 U.S.C. § 1983 ("Section 1983") Complaint that is furnished by this District Court's Clerk's Office for use by prisoners, who typically fill in the requested information in handwritten form. This memorandum order is issued sua sponte to

address a number of aspects of those filings.[1]

To begin with, because Thomas describes himself as being under a sentence of periodic imprisonment at the Lake County Jail ("Jail") and because each of his claims is asserted against Jail personnel arising out of occurrences there, the provisions of 28 U.S.C. §§ 1915 ("Section 1915") and 1915A ("Section 1915A"), as well as 42 U.S.C. § 1997e(a) ("Section 1997e(a)"), appear to apply to these lawsuits. That coverage occasions several problems for Thomas.

Those problems are so numerous and diverse that it is somewhat difficult to know just where to begin. But to start with, even though Thomas has included no dates at all in his narrative description, it certainly sounds as though all of the things that he has complained about in the three actions are closely related in time, most likely stemming from a single occurrence. More importantly, what he has described in his Statements of Claim (Complaint ¶ V) in each of 06 C 2057 and 06 C 2058 is plainly inadequate to state any Section 1983 claim--his

---

[1] Because Thomas' first Section 1983 action, filed last year and assigned Case No. 05 C 3245, came to this Court's calendar via random assignment, a local court rule (LR 40.3(b)(1)(B)) specifies that all of his later Section 1983 actions are also to be delivered to this Court's calendar by direct assignment, rather than being randomly assigned. As chance would have it, last week this Court was away sitting by designation with the Court of Appeals for the Sixth Circuit, so that this marks the first opportunity to address Thomas' new lawsuits.

2

assertions there really trivialize the Constitution.[2] That being so, the screening that is called for by Section 1915A(a) requires the dismissal of those two Complaints and both of those actions under Section 1915A(b)(1)--each fails to state a claim upon which relief may be granted, if the claims are not indeed frivolous in the legal sense. And each of those dismissals charges Thomas with one "strike" under Section 1915(g).

That leaves for consideration only 06 C 2056, which appears potentially viable under Section 1983 in Fourth Amendment terms (by reason of the asserted imposition of excessive force and some related matters). But several aspects of that action need further submissions by Thomas:

1. Thomas has tendered only an original and two copies of the Complaint, while at least one more copy must be furnished on or before May 15, 2006 to provide for service of process on the two named defendants. In addition, because Thomas' case caption and the text of Complaint ¶ V also refer to an "Attack Team" without identifying any individuals, if he plans to add any of

---

[2] It seems worth noting parenthetically that these lawsuits are clearly marked by excessive greed (Thomas' modest prayers for relief add up to $6.72 million, comprising $2.87 million in 06 C 2056, $1.85 million in 06 C 2057 and $2 million in 06 C 2058. All too often such a demonstration by a pro se plaintiff correlates with a lack of substantive merit of his or her claims, but the rulings in this memorandum order are not at all based on such an inference rather than on the merits as such.

3

those individuals as defendants as Complaint ¶ II.C states,[3] he must furnish another copy to provide for service on each added defendant.

2. Complaint ¶ III states that Thomas did file a grievance, as is required by Section 1997e(a) as a precondition to filing suit. Because this Court has an independent responsibility to verify Thomas' exhaustion of administrative remedies as that statute requires, he is ordered to submit four copies of all documents relating to his filing of a grievance, including any response that he may have received (he claims there were none), also on or before May 15, 2006.

3. Thomas' In Forma Pauperis Application ("Application") has not been accompanied by a certified copy of a statement from the Jail, reflecting all transactions in his trust fund account there for the period beginning October 1, 2005 and ending on or after April 9, 2006, as is required by Section 1915(a)(2). This Court needs that information (1) to calculate the amount that is currently payable as an initial partial filing fee toward the $350 that Thomas must pay in connection with 06 C 2056, as well as (2) to provide for future

---

[3]"Attack Team" is not a legal entity, so that naming it as Thomas has done has no legal effect.

4

payments on account of that obligation. Two copies of that statement must therefore be provided by Thomas, once again on or before May 15, 2006.

## Conclusion

As to both 06 C 2057 and 06 C 2058, the Complaints and those actions are dismissed, with each dismissal constituting a "strike" for Section 1915(g) purposes. As for 06 C 2056, action is deferred on Thomas' Application, and on the case generally, pending this Court's receipt of the further submissions called for in this memorandum order. If such submissions are not timely received on or before May 15, 2006, 06 C 2056 will become subject to a dismissal for failure to prosecute.

_____
Milton I. Shadur
Senior United States District Judge

April 25, 2006.

C:\WPTEXT\arvie06C2056.wpd